## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

## INTRODUCTION AND AGENT BACKGROUND

1. I, Joshua Hudson, depose and make this affidavit in support of a criminal complaint and request for an arrest warrant against John Labbe, for the offenses of possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 21, United States Code, Section 924(c).

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since 2023. I currently work out of the ATF Portland Field Office in Portland, Maine. Prior to joining the ATF, I worked as a full-time police officer for the Department of Veteran Affairs in Bedford, Massachusetts. In my capacity as an ATF Special Agent, my duties include conducting criminal investigations concerning alleged violations of the Federal firearms laws, including those dealing with prohibited individuals in possession of firearms. I have acquired knowledge and experience as to firearms and ammunition due to investigations, research, records, familiarity, conferring with other experts, training, teaching, and certifications. In my capacity as an ATF Special Agent, my duties also include conducting criminal investigations concerning alleged drug trafficking crimes. I have worked with confidential informants, admitted drug users, and admitted drug traffickers. Through my training and experience in drug-related investigations, I have developed knowledge about the common techniques, patterns, and "tools of the trade," for those involved in drug trafficking, including the use of firearms to further drug trafficking crimes.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and

witnesses. This affidavit is intended to provide the facts necessary for a determination of probable cause.

## PROBABLE CAUSE

4. On January 17, 2025, officers with the Lewiston Police Department ("LPD"), including Patrol Officer Cory Chamberlain, received information that Defendant John Labbe, and two specific named individuals were in Lewiston, in a particular vehicle, and that the Defendant had in his possession a large quantity of drugs and a firearm. Officers also learned that the Defendant's driving privileges were revoked in the State of Maine.

5. A LPD officer then located a vehicle matching the description on a road in Lewiston and identified the Defendant as the operator of the vehicle. The vehicle was observed parking near a business in Lewiston and the Defendant was observed exiting the vehicle from the driver's door as multiple officers arrived on scene. Officers approached and detained him. Officer Joseph Nixon of LPD retrieved a Smith & Wesson .380 caliber pistol with a laser sight from the jacket the Defendant was wearing at the time of the encounter. A backpack was removed from his person. In that backpack, Officer Chamberlain found a blue nylon zipper Maine Department of Corrections bag. This bag bore a Department of Corrections identification card with the Defendant's photograph and personal information. Inside that bag were what appeared to be multiple bags of controlled substances. Those bags were subsequently removed, weighed and field tested. They included what was later determined to be over 100 grams of suspected fentanyl, weighed with packaging. The suspected fentanyl seized from the bag field tested positive for the presence of fentanyl, which I believe to be a reliable

indication that the substance does in fact contain fentanyl. In addition, the substance's physical appearance appears consistent with powder fentanyl. Based on my training and experience, the quantity of suspected fentanyl recovered from this bag is far in excess of what any individual would possess solely for personal use. I also know from my training and experience that those involved in drug trafficking will often possess firearms, in an effort to protect themselves, their drugs, and any proceeds from their drug sales.

6. The Defendant was transported to the LPD. ATF Special Agent Chris Concannon and LPD Officer Chamberlain provided him with a written and oral Miranda waiver and the Defendant agreed to speak to the officers. In the interview that followed, he said he had been a drug user for years and had been distributing drugs on prior occasions and also on the day of his arrest.[1] He stated that he knew he was not supposed to have guns, due to his prior criminal record, but that he had the gun on that particular date because he feared that people in Lewiston would try to rob him if they knew he had drugs. He stated he had the gun on him for protection, while selling drugs. He stated that, in addition to selling drugs, he uses fentanyl.

7. The Defendant acknowledged that two cellular phones recovered during his arrest were cellular phones he regularly used and possessed. These devices were subsequently searched, and data was retrieved from both devices. Based on my training and experience and information provided to me by ATF Special Agent Concannon, there were text messages recovered from the devices in which the device user—the

---

[1] As with other information provided herein, the statements regarding this interview are made based on written reports and information obtained about this interview from other officers. The statements herein are summary only and no attempt is made to transcribe the entire recorded interview.

3

Defendant—appears to be communicating about narcotics trafficking. There were also photos of items that appeared to be controlled substances and firearms, along with messaging indicating the Defendant was attempting to acquire firearms.

## CONCLUSION

8. Based on the foregoing, I submit that there is probable cause to believe, and I do believe, that John Labbe did possess with intent to distribute controlled substances—fentanyl—on about January 17, 2025, in the District of Maine, and did possess a firearm in furtherance of that drug trafficking crime on the same date. I respectfully request that a criminal complaint be issued to support the arrest of the Defendant and to charge him with a violation of 21 U.S.C. § 841(a)(1) and a violation of 18 U.S.C. § 924(c).

Dated at Portland, Maine this      13th      day of March, 2025.

Joshua Hudson
Special Agent
Drug Enforcement Administration

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Mar 17 2025

City and state: Portland, Maine

Karen Frink Wolf, U.S. Magistrate Judge
*Printed name and title*

*Judge's signature*

4